UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN HOWELL, #659999,

                Petitioner,

                                              CASE NO. 2:14-CV-14963
v.                                            HONORABLE GERALD E. ROSEN

SHERRY BURT,

                Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Jonathan Howell ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentences. Petitioner pleaded guilty to six counts of first-degree criminal sexual conduct (victim under 13), in the Livingston County Circuit Court and was sentenced to concurrent terms of 15 to 75 years imprisonment in 2007. In his pleadings, Petitioner asserts that the state trial court mis-scored two offense variables of the state sentencing guidelines.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from his sexual conduct with a young boy in Livingston County, Michigan on multiple occasions in 2006 and 2007. On August 17, 2007, Petitioner pleaded guilty to six counts of first-degree criminal sexual conduct in exchange for an agreement that he be sentenced with a mid-guideline range cap. On September 27, 2007, the trial court sentenced petitioner to concurrent terms of 15 to 75 years imprisonment on those convictions. According to Petitioner, trial counsel objected to the scoring of Offense Variables 11 and 13 at the sentencing hearing, but the trial court overruled those objections. Petitioner's minimum sentences were at the midpoint of the sentencing guideline range in keeping with his plea agreement.

Petitioner did not appeal his convictions or sentences. In 2012, Petitioner filed a motion to correct his sentence in the trial court, which was denied without prejudice to allow Petitioner to seek relief from judgment. Petitioner subsequently filed motion for relief from judgment challenging the

scoring of Offense Variables 11 and 13 and seeking re-sentencing. The trial court denied the motion, finding that the offense variables were correctly scored. *People v. Howell*, No. 07-16560-FC (Livingtson Co. Cir. Ct. Jan. 3, 2013) (attached to petition). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Howell*, No. 314738 (Mich. Ct. App. Sept. 6, 2013) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Howell*, 495 Mich. 935, 843 N.W.2d 203 (2014). Petitioner also filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *Howell v. Michigan*, _ U.S. _, 135 S. Ct. 254 (2014).

Petitioner dated his federal habeas petition on December 19, 2014. In his pleadings, he challenges the scoring of Offense Variables 11 and 13 of the Michigan Sentencing Guidelines.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

**IV.   Analysis**

Petitioner asserts that he is entitled to habeas relief due to sentencing error – namely that the state trial court erred in scoring Offense Variable 11 (number of criminal sexual penetrations) and Offense Variable 13 (continuing pattern of criminal behavior) of the Michigan Sentencing Guidelines at 50 points each. Petitioner raised this claim on collateral review in the state courts. The state trial court denied relief on the claim, finding that Offense Variables 11 and 13 were properly scored based upon the pre-sentence report and Petitioner's own admissions. The state appellate courts both denied leave to appeal.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum of life imprisonment. *See* MICH. COMP. LAWS § 750.520b(1)(a). Sentences imposed within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim challenging the scoring Offense Variables 11 and 13 of the Michigan sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation

of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted in his pleadings.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. Rather, he admits that he had a sentencing hearing before the trial court with an opportunity to challenge the scoring of the guidelines, and,

according to Petitioner, defense counsel did, in fact, challenge the scoring of the disputed offense variables. Petitioner also presented his sentencing claim to the state trial and appellate courts on collateral review and was denied relief. Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred. Habeas relief is not warranted.[1]

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim and his petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not done so. He has not made a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should he be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

---

[1] The Court notes that the habeas petition is also untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

                                              s/Gerald E. Rosen  
                                              Chief Judge, United States District Court

Dated: January 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2015, by electronic and/or ordinary mail.

                                              s/Julie Owens  
                                              Case Manager, (313) 234-5135