**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN HOWELL,

                Petitioner,              Civil No. 2:14-CV-14963

vs.                                      Hon. Gerald E. Rosen

SHERRY BURT,

                Respondent,

_____/

## OPINION AND ORDER DENYING RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER  MOTION FOR A CERTIFICATE OF APPEALABILITY AND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS ON APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS

Jonathan Howell, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree criminal sexual conduct.  On January 26, 2015, this Court denied petitioner's application for a writ of habeas corpus and also declined to issue a certificate of appealability or to grant leave to appeal *in forma pauperis. See Howell v. Burt,* 2:14-CV-14963, Dkt. # 4.

Petitioner has filed a notice of appeal.  Petitioner has also filed a motion for a certificate of appealability and an application to proceed without prepayment of fees and costs on appeal, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability or leave to appeal *in forma pauperis.*  For the reasons that follow, the Court denies reconsideration of its previous order and judgment.  However, the Court will order that petitioner's motion for a certificate of appealability and the application to proceed without prepayment of fees and costs be transferred to the United States Court of Appeals for the Sixth Circuit.

1

E.D. Mich. Local Rule 7.1 (h) allows a party to seek reconsideration of a previously entered order or judgment by way of a motion. Because this Court previously denied petitioner a certificate of appealability when it denied his petition for writ of habeas corpus, the Court construes petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the petition for writ of habeas corpus, the Court construes petitioner's application to proceed without prepayment of fees and costs on appeal as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis.* See *Pettigrew v. Rapelje,* No. 08-12530-BC; 2008 WL 4186271, * 1 (E.D. Mich. September 10, 2008).

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's application to proceed without prepayment of fees and costs on appeal to the Sixth Circuit.  A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).  Petitioner's filing of a notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Johnson v. Woods,* No. 5:12–11632; 2013 WL 557271, * 2 (E.D. Mich. February 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983).  Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.  In the

3

interests of justice, this Court can order that petitioner's application to proceed *in forma pauperis* be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424; 2012 WL 6097323, * 2 (E.D. Mich. December 6, 2012).

**IT IS HEREBY ORDERED** that the Court's reconsideration of its prior order denying a certificate of appealability and denying leave to appeal *in forma pauperis* is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer petitioner's "Motion for Certificate of Appealability and to Proceed *In Forma Pauperis*" **[Dkt. # 8]** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  February 26, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4